# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD JENKINS, | Case No. 1:13-cv-00038-LJO-SKO PC |
|     Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
|   v. | |
| R. DAVIS, et al., | (Doc. 1) |
|     Defendants. | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.    Screening Requirement and Standard**

Plaintiff Harold Jenkins, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 10, 2013. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

**II.    Discussion**

    **A.    Allegations**

Plaintiff, who is currently incarcerated at Valley State Prison in Chowchilla, California, brings this action against Appeals Examiner R. Davis, Warden Connie Gipson, Chief Deputy Warden J. Cavazos, Correctional Lieutenant R. Fresquez, Correctional Sergeant M. K. Anderson, Correctional Officer S. Escamilla, and Does 1 and 2. Plaintiff's claims arise out of the confiscation and destruction of his personal property and the subsequent denial of his inmate appeal grieving the actions of Defendant Escamilla, who confiscated and destroyed the property. The events at issue occurred while Plaintiff was incarcerated at California State Prison-Corcoran.

Plaintiff alleges that Defendant Escamilla searched his cell on October 17, 2011, and again on October 18, 2011. Plaintiff was in Defendant Anderson's office during the first search and

Defendant Anderson informed Plaintiff that he and Sergeant Lawton were given permission to search a few cells based on receipt of information concerning a possible assault on staff.

On October 18, 2011, Defendant Escamilla and Correctional Officer Barron searched Plaintiff's cell again, and Defendant Escamilla removed a bag containing some items, including Plaintiff's books. Plaintiff subsequently approached Defendant Escamilla in the office, where several of his books were out on the desk. Plaintiff asked if he could trade some books in his cell for the books on the desk, because the books that were taken had personal pictures in them. Plaintiff specifically asked to have the picture of his deceased sister, but Defendant said no and asked Plaintiff if he wanted to send the books home or donate them. Plaintiff alleges he was in anguish because he did not have anyone to send the books home to and he told Defendant he did not want to talk to him.

A week after the cell search, Defendant Escamilla provided Plaintiff with a cell search receipt. Plaintiff told Defendant Escamilla he was going to file an appeal to get the picture of his sister back. Defendant told him to go ahead but he would not get anything because the property had already been disposed of.

Plaintiff alleges these events violated his rights under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

**B.     Confiscation and Destruction of Personal Property**

**1.     Due Process Claim**

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.[1]

Plaintiff's complaint sets forth no facts supporting a claim that he was deprived of his personal property pursuant to any authorized procedure or process. *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1823 (2012). To the contrary, Plaintiff's allegations indicate that Defendant Escamilla wrongfully and arbitrarily confiscated and destroyed his personal property. The unauthorized deprivation of property, be it negligent or intentional, does not give rise to a claim for relief under the Due Process Clause. *Hudson*, 468 U.S. at 533.

## 2. Eighth Amendment Claim

Plaintiff also alleges that Defendant Escamilla's actions constituted cruel and unusual punishment under the Eighth Amendment, which protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, an inmate must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to his health or safety. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

In this case, while Plaintiff's distress over the destruction of his late sister's photograph is understandable, the Eighth Amendment provides no redress for the loss of his personal property.

---

[1] California provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

4

### C. Inmate Appeals Process/Supervisory Liability

The other defendants are named because they were involved in resolving Plaintiff's inmate appeal against Defendant Escamilla and/or because they hold supervisory positions within the prison.

Those who seek to invoke the procedural protections of the Due Process Clause must establish the existence of a protected interest in life, liberty, or property. *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest at stake with respect to the inmate appeals process, and therefore, he may not pursue a claim for denial of due process based on the handling or resolution of his appeals. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)).

Furthermore, liability may not be imposed on supervisory personnel under the theory of *respondeat superior. Iqbal*, 556 U.S. at 676-77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Here, Plaintiff has not shown the existence of an underlying constitutional violation of which supervisory defendants were aware but failed to prevent.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). However, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **October 11, 2013**              /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE