# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD JENKINS, | Case No. 1:13-cv-00038-LJO-SKO PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| R. DAVIS, et al., | |
| Defendants. | (Doc. 17) |
| | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |

**I.   Screening Requirement and Standard**

Plaintiff Harold Jenkins, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 10, 2013.  On October 15, 2013, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim under section 1983.  28 U.S.C. § 1915A.  Plaintiff filed an amended complaint on November 5, 2013.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court

shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

**II.   Discussion**

Plaintiff, who is currently incarcerated at Valley State Prison in Chowchilla, California, brings this action against Correctional Officer S. Escamilla for confiscating and destroying Plaintiff's personal property. The event at issue occurred while Plaintiff was incarcerated at California State Prison-Corcoran.

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.[1]

Plaintiff's amended complaint does not support a claim under section 1983 based on the authorized deprivation of his personal property without due process. *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1823 (2012). Plaintiff attempts to plead around the deficiencies identified in his original complaint by identifying the existence of procedures governing cell searches under Title 15 of the California Code of Regulations. (Doc. 17, Amend. Comp., 4:1-10.) However, the crux of Plaintiff's claim is that Defendant Escamilla wrongfully and prematurely destroyed his personal property. (*Id.*, 4:12-28.) The unauthorized deprivation of property, be it negligent or intentional, does not give rise to a claim for relief under the Due Process Clause and Plaintiff's claim fails as a matter of law. *Hudson*, 468 U.S. at 533.

### III.     Conclusion and Order

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with an opportunity to amend and further leave to amend is not warranted in light of the deficiencies at issue. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, this action is HEREBY ORDERED dismissed, with prejudice, for failure to state a claim under section 1983, and the Clerk of the Court shall enter judgment. This dismissal

///

///

---

[1] California provides an adequate post-deprivation remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§810-895).

is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

    Dated: **November 21, 2013**    **/s/ Lawrence J. O'Neill**
                                                      UNITED STATES DISTRICT JUDGE